IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Margaret Austin,<br><br>        Plaintiff,<br><br>v.<br><br>Orangeburg Homes, LLC,<br><br>        Defendant. | Case No.: 5:20-cv-3406-SAL<br><br>**OPINION AND ORDER** |

This matter is before the Court on Orangeburg Homes LLC's ("Defendant's") motion for partial judgment on the pleadings, ECF No. 15. Plaintiff Margaret Austin ("Plaintiff") responded in opposition, ECF No. 16, and Defendant replied, ECF No. 20. The motion is ripe for ruling. For the reasons set forth below, Defendant's motion for partial judgment on the pleadings will be granted.

## BACKGROUND

On or about September 15, 2009, Plaintiff entered a rent to own contract (the "Lease") with Michael Carter and Wendy Carter ("the Carters") for the purchase of a house and land located at 721 Norway Road in Orangeburg, South Carolina. [ECF No. 1-1, ¶3]. In pertinent part, the Lease provided:

> Leassee [sic] further agree [sic] that if he should fail to pay the rent herein stipulated promptly when due, or should fail to comply with any of the other provisions of this Lease or the regulations attached hereto and made a part thereof, which regulations shall be subject to occasional amend ant [sic] or additional [sic] by Landlord, or in the event that the Lease shall terminate pursuant to the provision hereof, then in any said case it shall be lawful for the Landlord, at its elections or option, to re-enter and take possession and recover damages the Leasee [sic] hereby expressly waiving any and all notices to vacates said premises, and thereupon this lease shall terminate.

1

[ECF No. 4-1, pp.2–3]. The Lease also contained a section titled "Option," which provided in pertinent part:

> Landlord in consideration of the sum of $450, which is non refundable, does hereby grant the option to purchase 721 NORWAY ROAD at any time during the term of the lease for the balance-owed each month. This option shall be void and of no effect if at any time during the lease tenant becomes 30 days late in the payment. Once Tenant is thirty days late this option shall cease and tenant shall have no right to purchase the property and shall be merely leasing the property. As annual consideration of this option tenant shall pay the property taxes, roll back taxes and insurance on said property. These shall be paid within 10 days of notice date. Failure to pay taxes when due shall cause this option to be void.

*Id.* at 4. The Lease, after the section titled "Option," included an amortization schedule. *See* [ECF No. 7-1]. In 2017, Defendant purchased the property and the Lease from Wendy Carter. [ECF No. 1-1, ¶4].

In September 2019, Plaintiff stopped making payments under the Lease. [ECF No. 1-1, ¶5]. On January 5, 2020, the house on the property was destroyed by fire. [ECF No. 1-1, ¶7]. After the fire, Plaintiff vacated the property. [ECF No. 4, ¶69; ECF No. 7, ¶15]. Later, "Plaintiff was informed by the Defendant that they were going to evict her from the property because of her delinquency on the monthly payments on the contract of sale." [ECF No. 1-1, ¶8].

Plaintiff's amended complaint was removed to this Court on September 25, 2020. [ECF No. 1]. In the amended complaint, Plaintiff alleges breach of contract, breach of contract accompanied by fraudulent acts, and conversion. [ECF No. 1-1]. Defendant filed an answer and counterclaim. [ECF No. 4]. Defendant's answer includes a counterclaim for breach of contract. [ECF No. 4, ¶¶75–83]. Defendant now moves for judgment on the pleadings on Plaintiff's claims for breach of contract and breach of contract accompanied by fraudulent acts. [ECF No. 15]. Defendant also moves for judgment on the pleadings on its breach of contract counterclaim. *Id.*

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.,* 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b) (6)." *Deutsche Bank Nat'l Trust Co. v. IRS,* 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio,* 278 F.3d 401, 405 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

The key difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is that, for a Rule 12(c) motion, the Court considers the answer as well as the complaint. *Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir. 2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." *Pledger v. North Carolina Dep't of Health & Human Servs.,* 7 F.Supp.2d 705, 707 (E.D.N.C. 1998); *Jadoff v. Gleason,* 140 F.R.D. 330, 331 (M.D.N.C. 1991) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed.

2004)). In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." *Parks v. Alteon, Inc.,* 161 F.Supp.2d 645, 649 n. 1 (M.D.N.C. 2001); *see also* Fed. R. Civ. P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002) (documents attached to the answer are part of the pleadings for Rule 12(c) purposes where the documents are central to the plaintiff's claims and the authenticity is not challenged).

## DISCUSSION

**I.    Plaintiff fails to plausibly allege breach of contract and breach of contract accompanied by a fraudulent act.**

Defendant argues Plaintiff's breach of contract and breach of contract accompanied by a fraudulent act claims fail as a matter of law because Plaintiff was in default under the Lease before the alleged breach occurred. [ECF No. 15, p.4]. "The elements for a breach of contract are the existence of a contract, its breach, and damages caused by such breach." *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491–92, 732 S.E.2d 205, 209 (Ct. App. 2012). To maintain a claim for breach of contract accompanied by a fraudulent act, a plaintiff must prove a breach of contract. *Id.* at 274, 780 S.E.2d 654. Therefore, if Plaintiff fails to state a claim for breach of contract, she fails to state a claim for breach of contract accompanied by a fraudulent act.

"[O]ne who seeks to recover damages for breach of a contract must demonstrate that [s]he has performed [her] part of the contract, 'or at least that [s]he was, at the appropriate time, able, ready, and willing to perform it.'" *Id.* at 273–74, 780 S.E.2d 652 (quoting *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 487, 514 S.E.2d 126, 135 (1999)). When a party to a contract is in default for failure to make required payments, the party cannot demonstrate that she performed, or that she was able to perform, her own obligation. *Id.* at 273–74, 780 S.E.2d 653–

4

54. Accordingly, a party in default for failure to make payments cannot recover damages for breach of contract. *Id*.

Here, the allegations in the complaint conclusively establish that Plaintiff was in default on the Lease for failure to make required payments. Plaintiff alleges she entered the Lease with the Carters and admits the Carters assigned their rights to Defendant. [ECF No. 1-1, ¶¶3–4, 11]. The Lease[1] required monthly rent payments. [ECF No. 4-1, p.2]. Plaintiff admits she stopped payments in September 2019. [ECF No. 1-1, ¶5]. Plaintiff admits the terms of the contract were in force during January of 2020, the time of the alleged breach. *Id.* at ¶4. The allegations in the complaint conclusively establish that Plaintiff was in default when the alleged breach occurred.

Plaintiff does not dispute the fact that she was in default when the alleged breach occurred. Instead, Plaintiff argues she can recover for breach of contract based on two authorities: (1) S.C. Code Ann. § 27-40-120 and (2) *Lewis v. Premium Investment Corp.*, 351 S.C. 167, 172, 568 S.E.2d 361, 364 (2002). Neither authority supports a breach of contract claim for monetary damages in this action.

Section 27-40-120 lists arrangements to which the South Carolina Landlord Tenant Act does not apply. Subsection (2) lists: "occupancy under a contract of sale of a dwelling unit or the property of which it is a part, if the occupant is the purchaser or a person who succeeds to his interest[.]" S.C. Code Ann. § 27-40-120(2). Assuming without deciding that S.C. Code Ann. § 27-40-120(2) covers Plaintiff's arrangement with Defendant, this provision has no impact on the present motion. Defendant's motion does not rely on any provision of the South Carolina Landlord Tenant Act.

---

[1] The Lease is attached to Defendant's answer and is considered part of the pleadings for Rule 12(c) purposes because the document is central to Plaintiff's claims and the authenticity is not challenged.

In *Lewis*, the Supreme Court of South Carolina held that, in certain circumstances, courts of equity can relieve a defaulting purchaser from the strict forfeiture provision in an installment land contract and provide the opportunity for redemption if equity so demands. *Lewis*, 351 S.C. at 173–74, 568 S.E.2d at 364. However, even if Plaintiff had an equitable right of redemption in this case, *Lewis* and its progeny do not support a breach of contract action for monetary damages. Instead, a court can order specific performance of a land installment contract where a defaulting vendee tenders the remaining balance. *See id.*; *Cody Disc., Inc. v. Merritt*, 368 S.C. 570, 575, 629 S.E.2d 697, 700 (Ct. App. 2006). In the complaint, Plaintiff seeks actual, consequential, and punitive damages, not specific performance. [ECF No. 1-1, p.6]. Accordingly, South Carolina's conditional right of equitable redemption cannot support Plaintiff's breach of contract claim.

Plaintiff cannot recover monetary damages from Defendant for breach of contract because she was in default at the time of the alleged breach. Any potential right of equitable redemption does not support a breach of contract claim for monetary damages. Accordingly, Plaintiff fails to state a claim for breach of contract. Because Plaintiff fails to state a claim for breach of contract, she fails to state a claim for breach of contract accompanied by a fraudulent act. Defendant's motion for judgment on the pleadings will be granted as to Plaintiff's claims for breach of contract and breach of contract accompanied by a fraudulent act.

## II.     Defendant is entitled to judgment on the pleadings on its counterclaim for breach of contract.

"The elements for a breach of contract are the existence of a contract, its breach, and damages caused by such breach." *S. Glass & Plastics Co.*, 399 S.C. at 491–92, 732 S.E.2d at 209. Defendant admits the pleadings reveal a fact dispute as to the extent of damages. [ECF No. 15, p.10]. Accordingly, Defendant moves for judgment on the pleadings only as to the following issues: (1) whether a contract existed and (2) whether Plaintiff breached it. *Id.* at 9.

In the complaint, Plaintiff admits she entered the Lease with the Carters and admits the Carters assigned their rights to Defendant. [ECF No. 1-1, ¶¶3–4, 11]. The Lease required monthly rent payments. [ECF No. 4-1, p.2]. Plaintiff also admits she stopped payments in September 2019. *Id.* at ¶5. Plaintiff admits the terms of the contract were in force beyond September 2019. [ECF No. 1-1, ¶4]. Plaintiff failed to make payments owed under the terms of the contract. *Id.* at ¶5. The pleadings conclusively establish the existence of a contract and Plaintiff's breach.

Here, Plaintiff's only argument against the breach of contract counterclaim is that she is entitled to equitable redemption because the termination provisions of the Lease constitute a penalty. *See Lewis*, 351 S.C. at 172, 568 S.E.2d at 364. That is no defense to Defendant's breach of contract counterclaim.

"[A] provision in an installment land contract declaring forfeiture in the event of purchaser default can, in particular circumstances, constitute a penalty." *Lewis*, 351 S.C. at 172, 568 S.E.2d at 364. However, even if the termination provisions were held to be unenforceable, the Defendant could still recover any actual damages that can be proved to have resulted from the breach. *Foreign Acad. & Cultural Exch. Servs. v. Tripon*, 394 S.C. 197, 204, 715 S.E.2d 331, 334 (2011) (citing *Tate v. Le Master*, 231 S.C. 429, 99 S.E.2d 39 (1957)).

The equitable right to redeem arises to avoid a forfeiture when the purchaser breaches a contract. Even if the termination provisions of the Lease constitute an unenforceable penalty, Defendant would be entitled to any actual damages that can be proved to have resulted from the breach. Defendant moves for judgment on the pleadings only as to (1) whether a contract existed and (2) whether Plaintiff breached it. Because the pleadings conclusively establish the existence of a contract and Plaintiff's breach, the motion will be granted.

## CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings, ECF No. 15, is GRANTED. As of September 13, 2021, Plaintiff is proceeding *pro se* in this action. *See* [ECF Nos. 43, 44, 48]. Pursuant to Local Civil Rule 73.02(B)(2)(e), this action is hereby referred to a United States Magistrate Judge for further pre-trial proceedings.

    IT IS SO ORDERED.

September 16, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge