IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Margaret Austin,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Orangeburg Homes, LLC,<br><br>　　　　　　Defendant. | Case No.: 5:20-cv-3406-SAL<br><br><br>**OPINION AND ORDER** |

　　　This matter is before the court for review of the February 2, 2022 Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 65.] In the Report, the Magistrate Judge recommends that the Plaintiff's case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at 2. The Magistrate Judge also recommends that the court decline to exercise supplemental jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1367(c)(3) and remand those claims to the Orangeburg County Court of Common Pleas. *Id.*

　　　Plaintiff has not filed an objection to the Report, and the time for doing so has expired. Defendant filed an objection only to the portion of the Report recommending that the court remand its counterclaims to state court. [ECF No. 68.] Defendant explained that, in the event the court adopts the Report's recommendation to dismiss Plaintiff's case with prejudice, it intends to voluntarily dismiss its counterclaims. *See id.* at 1–2.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, and adopts the portion of the Report, ECF No. 65, recommending that Plaintiff's case be dismissed for lack of prosecution. Accordingly, Plaintiff's case is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b). The court, however, declines to remand Defendant's counterclaims at this time and retains jurisdiction over this matter for 30 days to allow Defendant to file its motion for leave to voluntarily dismiss its counterclaims. If no such motion is filed within 30 days, the court will adopt the Report's recommendation to remand Defendant's counterclaims to the Orangeburg County Court of Common Pleas pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

April 15, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge